UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Parkview Apartments Non-Profit Housing,  Case No. 05-57708
                                         Chapter 11
                Debtor.                  Hon. Phillip J. Shefferly
_____/

## ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO PREVENT UTILITIES SHUT-OFF

On April 4, 2006, Sharon Rutledge, Lula Hampton, Nachelle Johnson, Taura Cheatam and Phyllis Davis (collectively, "Movants") filed an "Emergency Motion to Prevent Utility Shut-Off". The Movants are tenants in an apartment building owned and operated by the Debtor. The motion requests the entry of a temporary restraining order against Ypsilanti Community Utilities Authority (YCUA) to prevent it from shutting off water and sewage service for their units in the building. The motion was not verified nor supported by any affidavit.

Fed. R. Bankr. P. 7001(7) provides that an adversary proceeding must be filed to obtain injunctive relief. Fed. R. Bankr. P. 7065 makes Fed. R. Civ. P. 65 applicable to adversary proceedings. Fed. R. Civ. P. 65(b) provides that a temporary restraining order may only be granted if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The emergency motion filed by Movants was filed in the bankruptcy case of the Debtor. The Movants did not file an adversary proceeding. Therefore, the emergency motion does not comply with Fed. R. Bankr. P. 7001(7). Even if it had been filed in an adversary proceeding, the emergency motion does not comply with Fed. R. Civ. P. 65(b) as made applicable in adversary proceedings by Fed. R. Bankr. P. 7065 because it was not supported by a verified complaint or affidavit and it did not contain a certification of any efforts made to give notice of the request for the entry of the temporary restraining order to YCUA or its attorneys. Accordingly, because the emergency motion does not comply with Fed. R. Bankr. P. 7001(7) and Fed. R. Bankr. P. 7065,

IT IS HEREBY ORDERED that the request for a temporary restraining order against YCUA contained in the "Emergency Motion to Prevent Utility Shut-Off" is denied.

**Entered: April 05, 2006**

                                           **/s/ Phillip J. Shefferly**
                                       **Phillip J. Shefferly**
                                       **United States Bankruptcy Judge**